UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF ILLINOIS

| SEBRON FLOYD, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | 17-CV-4002 |
| JAMES C. CLAYTON, *et al.*, | ) | |
| Defendants. | ) | |

## MERIT REVIEW ORDER

The plaintiff, proceeding pro se, a civil detainee at the Rushville Treatment and Detention Facility ("Rushville") is requesting leave to proceed under a reduced payment procedure for indigent plaintiffs who are institutionalized but are not prisoners as defined in 28 U.S.C. Section 1915(h).

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them."  *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Circ. 1972). Additionally, a court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid.  28 U.S.C. § 1915(d)(2).  Accordingly, this court grants leave to proceed *in forma pauperis* only if the complaint states a federal action.

This case is before the court for a merit review of the plaintiff's claims.  The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor.  *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "state a claim for relief that is plausible on its face."  *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).  The Court has reviewed the complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the Court.

Plaintiff alleges that he was transferred to the Illinois Department of Corrections ("IDOC") in 2012 to serve a criminal sentence, and, while there, Rushville officials sent his property to the IDOC in violation of a Rushville policy. Plaintiff alleges he has not received his property back.

Plaintiff alleges that defendants' actions were not authorized by an established policy. In this situation, the unauthorized acts of Rushville officials resulting in the deprivation of personal property does not violate due process where state law provides a meaningful post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 530 (1984). Plaintiff has an adequate remedy available to him in the Illinois Court of Claims. *See Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993). Furthermore, the violation of a state regulation, on its own, does not create an enforceable federal right. *See Guarjardo-Palma v. Martinson*, 622 F.3d 801, 806 (7th Cir. 2010). Therefore, Plaintiff does not state a claim.

IT IS THEREFORE ORDERED that:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [3] is denied.

2. The plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A. This case is closed. All pending motions [7, 12, 13] are denied as moot.

3. If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 15th day of May, 2017.

/s/ Harold A. Baker
---
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE